## Lockard's Estate.

*Wills—Construction—Taxation of income in excess of annuities and gifts to life-tenants bequeathed to residuary legatee in remainder.*

Where a testator, after creating an annuity for his widow for life, directs the remaining income of his residuary estate to be paid to his children *nominatim*, not exceeding $2400 each, during their respective lives, with provisions for his grandchildren, and that all excess income over the maximum amount which each child or grandchild is to receive and all principal, on the arrival of the period of distribution, shall be paid to create a trust fund for specified charities, the total excess income of each year is subject to collateral inheritance tax.

Exceptions to adjudication.   O. C. Phila. Co., Oct. T., 1889, No. 203.

*William M. Boenning,* for Commonwealth, exceptant.

*Henry M. Bruner,* contra.

GEST, J., June 17, 1927.—The testator, who died in 1889, devised his residuary estate in trust to pay his widow from the income an annuity of $3000 during her life, and to pay the remaining income to his six children *nominatim*, not exceeding $2400 each, during their respective lives, with provisions for their children, and further provided:

"Eleventh. And as to all excess of income of my estate over the maximum amount which I have directed my Trustees to pay unto my children, and upon their death to their children, and as to all principal of my estate after the death of my wife, and all my children, and after all my children's children shall have attained the age of twenty-one years, excepting as hereinafter mentioned, I direct my Trustees to pay over and transfer the same unto the Borough of Columbia, in Lancaster County, Pennsylvania, for the purpose of forming a Trust Fund, to be known as 'The Wm. F. Lockard Trust Fund,'"

for charitable purposes as designated in the will.

By reason of the death of some of the beneficiaries, there is now for distribution, as excess income to the Borough of Columbia, some $10,000, and the Commonwealth claimed collateral inheritance tax thereon under the Act of May 6, 1887, P. L. 79, in force at the time of the testator's death. The Auditing Judge held that no tax was due, as nothing but income is now distributable, and awarded the excess income to the Borough of Columbia in trust under the terms of the will.

The income directed by the will to be paid to the Borough of Columbia is not liable to tax as such. But it represents a gift to the borough in addition to the gift of principal, which is to come into its possession upon the death of all the life-tenants. It is admitted, as indeed it must be, that on the termination of the trust as prescribed by the will, the Borough of Columbia will be entitled to the principal of the estate, but it is argued that the *interim* income is not so liable, inasmuch as it is derived from an estate vested in the Borough. It is vested, of course, but it is vested *in futuro*, and until the time fixed for distribution arrives in the future, the income is not derived from property

belonging to the Borough. There are here two gifts to the Borough; one of the principal to be enjoyed at a future time, and one of income enjoyable in the present. The right to the income is clearly an estate *per autre vie* and is taxable like any other life estate; indeed, it might have been appraised and taxed as a whole.

The decision in Williamson's Estate, 153 Pa. 508, does not affect this case. There the question arose concerning the taxability of the income of the estate during the year of administration, and the Supreme Court, in construing the will, held that this was made a part of the principal of the estate and subject to the payment of debts, expenses, etc.; that this apparent accumulation of income was not forbidden by the Act of April 18, 1853, P. L. 503, and was not given collaterally by the will so as to subject it to tax. Whatever interpretation may be given to Williamson's Estate, it cannot operate to relieve this excess income from tax.

At the audit of a prior account in 1921, the Auditing Judge awarded certain excess income to the Borough of Columbia, subject to the payment of collateral inheritance tax, if any, and 5 per cent. on $1149.34, or $57.47, was deducted in the schedule of distribution. It may be that the value of the life estate *per autre vie* given to the Borough of Columbia should, as has been suggested, be appraised by an appraiser appointed by the Register of Wills under section 12 of the Act of May 6, 1887, P. L. 79, 1 Purd. 607 (Budd's Estate, 2 Dist. R. 148); but this question is not raised by the exceptions by which the Commonwealth claims tax on a definite sum, being the amount of the excess income, which method works fairly enough to both parties. We call attention to this, however, as the Commonwealth may desire to have an appraisement.

The exceptions of the Commonwealth are sustained.

LAMORELLE, P. J., dissenting.—At the audit the Commonwealth claimed "collateral inheritance tax on the amount passing to charity." (See Appearance Slip of counsel.) As nothing passed or was to be awarded to the Borough of Columbia except excess income, I declined to allow tax on such income. At the time I felt that my ruling was justified by the given facts; despite the argument of counsel for the exceptant, I am "of the same opinion still." The Borough of Columbia has a vested interest in the *corpus;* this interest cannot be divested; all income earned by that *corpus* in excess of what is required to pay annuities belongs to the borough, and this whether it accumulates by direction, by want of direction or is given in express terms by the will. This, therefore, is a tax on such income and on nothing else. The record shows that the Commonwealth has once before collected tax on the specific amount of income, and the probability is that it will do the same again. I know of no authority in point authorizing such method of taxation, nor do I believe there is any; counsel cites none. A sum certain of income earned by principal, which principal is vested in a residuary legatee, is not, in any proper sense of the word, an estate.

I write this because I cannot concur in the majority opinion reversing my ruling that, in the circumstances of the instant case, the income is not taxable. While I have my own views of what should be done, or at least attempted, I deal with the record as made up, the parties in interest not seeking a declaratory judgment.

Henderson, J., was absent.